UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIELLA KATALIN MELEGH,

Plaintiff,

v.

JOHN DOES 1-10,

Defendants.

CASE NO. 2:25-cv-01535-JHC

ORDER

This matter comes before the Court sua sponte on pro se Plaintiff Daniella Katalin Melegh's Complaint.  Dkt. # 5.

A complaint filed by any party that seeks to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915(a) is subject to screening.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).  If a court determines that a complaint filed under 28 U.S.C. § 1915(a) is frivolous, malicious, fails to state a claim, or seeks damages from defendants immune from such relief, the court must dismiss the case sua sponte.  *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B).  To adequately state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff need not provide detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S.

ORDER - 1

662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Still, when the plaintiff is pro se, a court must "construe the pleadings liberally and afford the petitioner the benefit of any doubt." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman,* 773 F.2d 1026, 1027 n.1 (9th Cir.1985) (en banc)).

Even under a liberal construction of the Complaint, Plaintiff fails to state a claim for relief. The Complaint does not include any specific facts that show that Plaintiff is entitled to the relief she seeks. The Complaint states only that the Defendants, named only as "John Does 1-10" and described as "federal agents/Contractors," have "engaged in warrantless surveillance, including cameras in the bathroom, wiretapping, and interception of electronic communications." Dkt. # 5 at 1. There are no other factual allegations in the complaint. The complaint says it claims relief under the Fourth Amendment via a *Bivens* action, but it does not identify any person acting under cover of law who allegedly committing the wiretapping. *See Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971). Nor does the complaint provide any details of the alleged surveillance beyond a bare allegation that it is occurring.

Accordingly, the Court DISMISSES Plaintiff's Complaint, Dkt. # 5, without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court GRANTS Plaintiff leave to amend, if she wishes, within 14 days of the filing of this Order. If Plaintiff files a timely amended complaint and it does not meet the pleading standards, the Court will dismiss the matter with prejudice.

Dated this 23rd day of January, 2026.

John H. Chun
John H. Chun
United States District Judge

ORDER - 2